IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MICHAEL STRAW <br> 731 Silver Street <br> Marion, Ohio 43302 <br><br> Plaintiff, <br><br> v. <br><br> BUCKEYE RIDGE HABITAT <br> FOR HUMANITY, INC. <br> d/b/a Habitat of Humanity of Marion <br> County Ohio, Inc. <br> 370 E. Mark Street <br> Marion, Ohio 43302 <br><br> Defendant. | Case No. 3:17-cv-418 <br><br> Judge <br><br> Magistrate Judge <br><br> **JURY DEMAND ENDORSED HEREON** |

## COMPLAINT

Plaintiff Michael Straw (hereinafter "Plaintiff"), for his Complaint against Defendant Buckeye Ridge Habitat for Humanity, Inc. dba Habitat for Humanity of Marion County Ohio, Inc. (hereinafter "Defendant") hereby alleges as follows:

### I. JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. Chapter 4111 ("the Ohio Wage Act"), the Ohio Prompt Pay Act, O.R.C. § 4113.15 ("OPPA"), and 28 U.S.C. §1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises additional claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

3. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendant in the Northern District of Ohio, a substantial part of the events or omission giving rise to the claim occurred in the Northern District of Ohio, and Defendant has done substantial business in the Northern District of Ohio.

**II. PARTIES**

4. Plaintiff, Michael Straw, is an individual, a United States Citizen, and a resident of the State of Ohio.

5. At all times relevant herein, Plaintiff was an employee of Defendant as defined in the FLSA, the Ohio Wage Act, and Ohio Constitution Art. 2 §34a.

6. At all times relevant herein, Plaintiff was a covered, non-exempt employee of Defendant who, pursuant to Section 7 of the FLSA, was required to receive not less than one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours.

7. Upon information and belief, Defendant Buckeye Ridge Habitat for Humanity, Inc. dba Habitat for Humanity of Marion County Ohio, Inc. is a domestic non-profit corporation with its principal place of business in the Northern District of Ohio. Defendant seeks to provide affordable housing to those in need and also operates a Habitat for Humanity Restore (hereafter "HH Restore") where it provides home improvement materials at discounted prices.

8. At all times relevant herein, Defendant has been an "employer" as that term is defined in the FLSA, the Ohio Wage Act, and Ohio Constitution Art. 2 §34a.

9. Defendant conducts substantial business in the Northern District of Ohio and has its headquarters in Marion County, Ohio.

10. At all times relevant to this action, Defendant has been engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendant constituted an enterprise engaged in commerce within the meaning of the FLSA.

11. Upon information and belief, Defendant's employees were engaged in interstate commerce and Defendant has annual gross volume sales and/or business in an amount not less than $500,000.00.

12. Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that they are legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio, as well as recordkeeping laws of the State of Ohio.

13. During relevant times, Defendant had knowledge of and acted willfully in regard to the conduct described herein.

14. Defendant is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages and/or did not properly maintain such records.

### III. FACTUAL BACKGROUND

15. In or around April of 2013, Defendant hired Plaintiff as a full-time donation coordinator at HH Restore. Since his hire, Plaintiff regularly worked at least forty (40) hour workweeks for Defendant.

16. Plaintiff's duties included various manual tasks around the HH Restore, including accepting donations, stocking inventory and goods for sale, loading and unloading forklifts, assisting store customers, cleaning and related tasks.

17. During his employment, Plaintiff regularly worked in excess of forty (40) hours per workweek, but was not paid at 1.5 times his regular rate for every hour he worked over forty (40) in a workweek.

18. Defendant terminated Plaintiff's employment on December 2, 2016.

## IV. CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### FLSA –UNPAID OVERTIME

19. All of the preceding paragraphs are realleged as if fully rewritten herein. This claim is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*.

20. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

21. The FLSA requires that covered employees be compensated for every hour worked in a workweek. See 29 U.S.C. § 206(b).

22. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek. See 29 U.S.C. § 207(a)(1).

23. Plaintiff was a covered employee entitled to the FLSA's protections.

24. During relevant times, Plaintiff was not exempt from receiving FLSA overtime benefits because, *inter alia*, he was not a "executive," "computer," "administrative," "professional," neither learned nor creative employee, as those terms are defined under the FLSA. *See* 29 C.F.R. §§ 541.0, *et seq*.

25. Defendant is a covered employer required to comply with the FLSA's mandates.

26. Defendant violated the FLSA with respect to Plaintiff by failing to pay Plaintiff at the rate of one and one half times his regular rate of pay for all hours worked in excess of 40 hours in a workweek.

27. Defendant employed Plaintiff as donation coordinator from April 2013 until December 2, 2016.

28. Defendant classified Plaintiff as a non-exempt, hourly employee at all times throughout his employment.

29. In addition, Defendant did not compensate Plaintiff on a salary basis.

30. Defendant refused and failed to pay Plaintiff the overtime premium required by the FLSA throughout his employment.

31. Plaintiff routinely worked in excess of forty (40) hours per week.

32. Plaintiff should have been paid the overtime premium for hours worked in excess of forty (40) hours per week.

33. Defendant knew or should have known of the overtime payment requirement of the FLSA.

34. Plaintiff's classification as a non-exempt, hourly employee throughout his employment demonstrates Defendant knew or should have known they were required to pay Plaintiff overtime compensation for all hours worked in excess of forty (40) hours per week.

35. Throughout his employment for Defendant, Defendant knowingly and willfully failed to pay Plaintiff all overtime wages he was due.

36. The job duties Plaintiff had in the years preceding the filing date of this Complaint did not exempt him from the overtime pay requirements, or any other requirement of the FLSA.

37. The exact total amount of compensation, including overtime compensation, that Defendant failed to pay Plaintiff is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by Defendant.

38. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and continues to suffer damages in an amount not presently ascertainable. In addition, Plaintiff seeks liquidated damages, interest and attorneys' fees, and all other remedies available, as result of Defendant's willful failure and refusal to pay overtime wages in violations of Sections 6 and 7 of the Act (29 U.S.C. §§206-207).

## SECOND CAUSE OF ACTION
## R.C. 4111.03 – UNPAID OVERTIME

39. All of the preceding paragraphs are realleged as if fully rewritten herein

40. This claim is brought under Ohio Law.

41. The Ohio Wage Act requires that covered employees be compensated for every hour worked in a workweek. See O.R.C. §§ 4111 et seq., See also, 29 U.S.C §206(b)

42. The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the "Fair Labor Standards Act of 1938. See O.R. C. § 4111.03 (A), See also, 29 U.S.C. § 207 (a)(1)

43. Plaintiff was a covered employee entitled to the Ohio Wage Act's protections

44. Plaintiff was not exempt from receiving Ohio Wage Act overtime benefits because he was not an exempt "executive," "administrative," or "professional" employee, as those terms are defined under the FLSA. See O.R.C. 4111.03(A), See also 29 C.F.R. §§ 541.0, *et seq*.

45. Plaintiff was not exempt from receiving FLSA overtime benefits because, *inter alia*, he was not a "learned professional" employee, as that term is defined under the FLSA. See 29 CFR §541.301

46. Defendant is covered employers required to comply with the Ohio Wage Act's mandates.

47. Defendant violated the Ohio Wage Act with respect to Plaintiff by failing to compensate him at the rate of one and one-half times his regular rate of pay for all hours worked in excess of 40 hours in a workweek

48. In violating the Ohio Wage Act, Defendant acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

49. For Defendant's violations of the Ohio Wage Act, Plaintiff has suffered damages, Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available.

**THIRD CAUSE OF ACTION**
**R.C. 4113.15 —OPPA VIOLATION**

50. All of the preceding paragraphs are realleged as if fully rewritten herein.

51. During relevant times, Defendant was covered by the OPPA and Plaintiff has been employed by Defendant within the meaning of the OPPA.

52. The OPPA requires Defendant to pay Plaintiff all wages, including unpaid overtime, on or before the first day of each month, for wages earned by him during the first half

of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by him during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

53. During relevant times, Plaintiff was not paid all wages, including overtime wages at one and one-half times his regular rate within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

54. Plaintiff's unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

55. In violating the OPPA, Defendant acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law, and its actions entitle Plaintiff to liquidated damages in the amount of six percent of the amount of the unpaid overtime compensation owed or two hundred dollars, whichever is greater.

**V. PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff requests judgment against the Defendant for an Order:

A. Awarding Plaintiff unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

B. Awarding Plaintiff unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio Law;

C. Awarding Plaintiff costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

D. Awarding Plaintiff such other and further relief as the Court deems just and proper;

E. Issuing an injunction prohibiting Defendant from engaging in present, ongoing and future violations of the FLSA and Ohio Law;

F. Granting Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

G. Rendering a judgment against Defendant for all damage, relief, or any other recovery whatsoever.

Respectfully submitted,

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
**COFFMAN LEGAL, LLC**
1457 S. High St.
Columbus, Ohio 43207
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

Peter Contreras (0087530)
**CONTRERAS LAW, LLC**
PO Box 215
Amlin, Ohio 43002
Phone: 614-787-4878
Fax: 614-923-7369
Email: peter.contreras@contrerasfirm.com
*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman